# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY L. MONROE a/k/a AMY L. McCAFFERTY and C. MARCUS McCAFFERTY,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, f/n/a BANK OF AMERICA, N.A., and WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>Defendants. | Case No. 17-cv-248-JED-JFJ |

## **OPINION & ORDER**

Before the Court are motions to dismiss by Defendant Bank of America, N.A. ("BANA") (Doc. 9) and Defendant Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14BTT ("Wilmington") (Doc. 18). In a prior order (Doc. 30), this Court granted BANA's motion to dismiss as to Plaintiffs' first and second claims. Wilmington's motion to dismiss was granted as to Plaintiffs' first claim, but denied as to the second claim. The Court determined that additional briefing was needed before ruling on whether to dismiss Plaintiffs' third claim, slander of title.

## I.     Legal Standards

"To survive a motion under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court must liberally construe the pleadings, take all well-pleaded facts as true, and make all reasonable inferences in favor of the non-moving party. *Brokers' Choice of Am.*, 861 F.3d at 1105.

## II. Discussion

As the third claim in their complaint, Plaintiffs assert slander of title. (Doc. 2-2 at 7-8 [Compl. at ¶¶ 18-21]). Plaintiffs allege that Defendants knew no later than September 26, 2012, that the Mortgage was "fatally defective and unenforceable." (*Id*. at 7 [Compl. at ¶ 19]). Nonetheless, Defendants have allegedly "continued to make untenable legal demands" and have engaged "in a campaign of harassment." (*Id*.). The specific misconduct alleged in the complaint is the filing of the "untenable" foreclosure action in 2016 and Defendants' refusal to release the mortgage. (*Id*. at 7-8 [Compl. at ¶¶ 20-21]; Doc. 25 at 12).

The elements of a slander of title claim under Oklahoma law include: (1) publication; (2) a false statement in the publication; (3) malice in the publication; (4) special damage resulting from the publication; and (5) ownership or possession of the property that is the subject of the publication. *Grasz v. Discover Bank ex rel. SA Discover Fin. Servs., Inc.*, 315 P.3d 406, 409 (Okla. Civ. App. 2013). Defendants argue that Plaintiffs have failed to allege any unprivileged, slanderous publication made by them. Defendants also contend that Plaintiffs have failed to specifically allege special damages.

Restatement (Second) of Torts § 587 provides:

A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if it has some relation to the proceeding.

(Am. Law Inst. 1977). Section 586 grants the same absolute privilege to attorneys participating as counsel in a judicial proceeding. These sections have been held by Oklahoma courts to apply to slander of title actions. *See Bennett v. McKibben*, 915 P.2d 400 (Okla. Civ. App. 1996) (holding that statements made in the original and amended petitions were absolutely privileged); *Pryor v. Findley*, 949 P.2d 1218, 1219 (Okla. Civ. App. 1997) ("Statements made in judicial pleadings are absolutely privileged."). The Court finds that Defendant Wilmington's commencement of the 2016 lawsuit clearly falls within § 587 and, thus, is absolutely privileged.

Moreover, the Court finds that the 2016 lawsuit was timely filed. Upon review of the case law and the parties' supplemental briefing, the Court finds that the six-year statute of limitations, codified at *Okla. Stat.* tit. 12A, § 3-118(a), applies to the note and mortgage in this case. This conclusion finds direct support in *Cinco Enterprises, Inc. v. Botts*, in which the Oklahoma Court of Civil Appeals provided the following explanation:

> However, 12A O.S. 1991 § 3-118(a) provides a six-year statute of limitations for actions to enforce the obligations of a promissory note, while 42 O.S. 1991 § 23 provides that a lien is extinguished "by the mere lapse of the time within which, under the provisions of civil procedure, an action can be brought upon the principal obligation," and 42 O.S. 1991 § 5 specifically provides that the provisions of Title 42 apply to mortgages. Thus, any action by [the creditor] to enforce the underlying obligation secured by the mortgage is time-barred, and <u>[the creditor]'s right to enforce its mortgage was extinguished by the passage of six years after the promissory note became due</u>.

931 P.2d 81, 83 (Okla. Civ. App. 1996) (emphasis added). *See also Bankers Trust Co. of Cal., N.A. v. Wallis*, 280 P.3d 974, 976 n.8 (Okla. Civ. App. 2012) (applying the six-year statute of limitations to a foreclosure action based on a promissory note). Even assuming that Plaintiffs' debt under the promissory note was accelerated in 2011 upon the commencement of the first foreclosure

suit, brought by BANA (*see* Doc. 30 at 6), then the mortgage and note were still enforceable in 2016.[1]

The Court also finds that Defendants' alleged failure to release the mortgage lien after the expiration of the SOL does not constitute "publication" for a slander of title claim. In *Borison v. Bank Leumi Trust Co. of N.Y.*, the Oklahoma Court of Civil Appeals found "no Oklahoma authority that failure to release an authorized judgment, which has not been satisfied, constitutes slander of title." 972 P.2d 1188, 1190 (Okla. Civ. App. 1998). "Whether Bank's judgment is enforceable or constitutes a cloud on [the debtor]'s title is not relevant to a slander of title claim . . . ." *Id*.

*Borison* was distinguished, to an extent, in *Grasz v. Discover Bank ex rel. Discover Financial Services, Inc.*, 315 P.3d 406 (Okla. Civ. App. 2013). In *Grasz*, the court found that failure to release an authorized judgment that had been discharged in bankruptcy could constitute slander of title. *Id*. at 410. Yet, this Court finds no basis in *Grasz* for holding that the failure to release a mortgage lien that has been extinguished under the applicable statute of limitations can support a slander of title claim. Instead, the case law suggests that a quiet title action is the appropriate next step for a mortgagor who believes the statute of limitations has run on a mortgage lien. *See Abboud v. Abboud*, 14 P.3d 569, 571 (Okla. Civ. App. 2000) ("[I]f the statute of limitations has, by operation of law, barred an action to foreclose a mortgage lien then the lien is no impediment to the mortgagor's right to quiet title.").

For the foregoing reasons, Defendant BANA's Motion to Dismiss (Doc. 9) is **granted**. Defendant Wilmington's Motion to Dismiss (Doc. 18) is **granted** as to Plaintiffs' first and third

---

[1] The Court has not had occasion to determine, as a matter of law, whether the debt was accelerated in 2011. The Court has only rejected Defendants' argument that the alleged acceleration of the debt in 2011 would not cause the statute of limitations to begin to run because the note and mortgage are in the nature of installment contracts. (*See* Doc. 9 at 7; Doc. 18 at 6; Doc. 30 at 4-6)

4

claims and **denied** as to the second claim.  Because the Court finds that the six-year statute of limitations applies to the note and mortgage, Plaintiffs' motion for leave to amend their complaint (Doc. 32) is **denied.**

ORDERED this 19th day of April, 2018.

							_____
							JOHN E. DOWDELL
							UNITED STATES DISTRICT JUDGE